UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MARCUS O. TAITE-EL-BEY-TEY-WASHITOW TURNER,<br><br>    Plaintiff,<br><br>    v.<br><br>ALABAMA GOVERNOR KAY IVEY *et al.*,<br><br>    Defendants. | Civil Action No.   23-03542 (UNA) |

## MEMORANDUM OPINION

Plaintiff, an Alabama state prisoner, has filed a *pro se* complaint, ECF No. 1, and an application to proceed *in forma pauperis*, ECF No. 3. The complaint, naming Alabama's three branches of government and baldly citing federal statutes, is incomprehensible. Federal courts lack "power to entertain claims otherwise within their jurisdiction if," as here, "they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974). Furthermore, the Eleventh Amendment generally immunizes states from suits filed against them in federal court.[1] Consequently, this case will be dismissed by separate order.

Date: January 12, 2024

                                                  /s/
CHRISTOPHER R. COOPER
United States District Judge

---

[1] The Eleventh Amendment to the U.S. Constitution provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Supreme Court "long ago held that the Eleventh Amendment bars a citizen from bringing suit against the citizen's own State in federal court, even though the express terms of the Amendment refer only to suits by citizens of another State." *Welch v. Texas Dept. of Highways and Public Transp.*, 483 U.S. 468, 472 (1987).